# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | CASE NO. 24-11535 |
| RISE MANAGEMENT, LLC, | SECTION A |
| Debtor. | CHAPTER 11 |
| | SINGLE ASSET REAL ESTATE |

### OBJECTION TO RISE MANAGEMENT, LLC'S
### COMBINED PLAN AND DISCLOSURE STATEMENT DATED MAY 2, 2025

**NOW INTO COURT** comes David W. Asbach, Acting U.S. Trustee for Region 5, (the "UST") by and through undersigned counsel, and hereby files this objection ("Objection") to Rise *Management, LLC's Combined Plan and Disclosure Statement Dated May 2, 2025* [ECF Doc. 207]. In support thereof, the UST respectfully states:

### STANDING

1. Pursuant to 28 U.S.C. § 586(a)(3)(B), the UST has the duty to monitor plans and disclosure statements filed in Chapter 11 cases and to comment on such plans and disclosure statements. This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.[1]

### PROCEDURAL BACKGROUND

2. Rise Management, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code, on August 7, 2024. [ECF Doc. 1].

---

[1] *See* In re Columbia Gas Sys. Inc., 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that the UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); In re Wilson, 413 B.R. 330, 335 (Bankr. E.D. La. 2009) (finding that "the provisions of § 586(a) are intended to compliment the broader grant of power provided by § 307."); 11 U.S.C. § 307 (UST "may raise and may appear and be heard on any issue in any case or proceeding under this title").

3. The Debtor remains in possession and control of its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4. On May 2, 2025, the Debtor filed its *Combined Plan and Disclosure Statement Dated May 2, 2025* (the "Disclosure Statement"). [ECF Doc. 207]. Consideration of the Disclosure Statement is set for hearing on Friday, May 9, 2025. [ECF Doc. 202].

5. The UST filed a *Motion to Dismiss Case, or in the Alternative, to Convert Case to Chapter 7* on November 4, 2024. [ECF Doc. 90]. The UST also filed a *Supplement to Motion to Dismiss Case, or in the Alternative, to Convert Case to Chapter 7.* [ECF Doc. 189]. Said motions are set for hearing on Friday, May 9, 2025. [ECF Doc. 202].

## LAW AND ANALYSIS

6. This Court may refuse to approve a disclosure statement whenever doing so would be futile, i.e., when the accompanying plan could not be confirmed as a matter of law. In re Sanders, No. 14-02271-NPO, 2015 WL 7568469, at *5 (Bankr. S.D. Miss. Nov. 23, 2015) citing In re U.S. Brass Corp., 194 B.R. 420, 422 (Bankr. E.D. Tex. 1996)). The Disclosure Statement should not be approved because the Plan is unconfirmable in its present form, in the following non-exclusive respects:

7. Section 1129(a)(11) requires a determination that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or successor to the debtor under the plan ...." The Court must consider whether the Debtor has shown, by a preponderance of the evidence, the existence of a reasonable possibility that a successful rehabilitation ... can be accomplished within a reasonable period of time." In re M & C Partnership, 2021 WL 12102059, *7 (Bankr.E.D.La. 2021). The Debtor's Plan relies upon an aspirational "Projected Lease-Up Timeline", and "Anticipated Revenue". [ECF Doc. 207, pgs.

10-11]. The Debtor projects to have the General DeGaulle property fully leased in eleven (11) months, earning monthly revenue of $14,559 and NNN fees of $6,424. Id. The financial forecast is "…based upon the funds generated from operation of Debtor's business and assumes an occupancy rate of 100%." [ECF Doc. 207, page 12]. This goal is unlikely considering that the Debtor has generated less than $600 in monthly rentals since the bankruptcy filing. The monthly reports reflect the following:

**Rise Management, LLC**
**302-24-11535**
**Financial Analysis**

| MORs | 8/7/24 – 08/30/24 | Sep-24 | Oct-24 | Nov-24 | Dec-24 | Jan-25 | Feb-25 |
|---|---|---|---|---|---|---|---|
| Beginning Cash | $ — | $ 25 | $ 222 | $ 494 | $ 494 | $ 440 | $ 428 | $ 416 |
| Cash Receipts | | 227 | 272 | — | — | — | — | — |
| Cash Disbursements | | (30) | — | — | (54) | (12) | (12) | (262) |
| Net Cash Flow | $ — | 197 | 272 | — | (54) | (12) | (12) | (262) |
| Ending Cash | | $ 222 | $ 494 | $ 494 | $ 440 | $ 428 | $ 416 | $ 154 |

These figures do not come close to supporting the Debtor's projected leasing timeline or anticipated revenue. For this reason, the Debtor will be unable to demonstrate feasibility, as required by 11 U.S.C. § 1129(a)(11).

8. The Debtor will have to demonstrate that the Plan (including all documents necessary to effectuate the Plan) was filed in good faith and not by any means forbidden by law, to comply with thereby complying with 11 U.S.C. § 1129(a)(3). The Debtor's continued pursuit of reorganization, when it has not paid the secured lenders in at least a year and has not generated any meaningful revenue since the filing of the bankruptcy, belies Debtor's good faith.

9. Further, the Plan provides that Class 6 "Equity Interests" retain their equity interests, but that no distributions shall be made until (a) all Unclassified Claims except for Priority Claims have been paid in full; and (b) the Debtor is current on all payments to the holders of

Priority Claims and the Class 2, 3, 4, and 5 claims as required by [the] Plan" [ECF-152, p. 8]. Class 5 General Unsecured Claims are estimated to receive only 13.61% of the total owed [ECF-152, p. 8]. The UST will object to confirmation of the Plan on grounds that the provision violates the absolute priority rule because it permits the equity holders to retain their equity (and to receive distributions) notwithstanding the fact that unsecured creditors are not paid in full. *See* 11 U.S.C. §1129(b)(2)(B)(i)-(ii); Bank of Am. Nat. Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship, 526 U.S. 434, 442, 119 S. Ct. 1411, 143 L. Ed. 2d 607 (1999); In re Eletson Holdings Inc., 664 B.R. 569 (Bankr. S.D.N.Y. 2024).

## CONCLUSION

**WHEREFORE**, the United States Trustee prays that this Honorable Court consider this Objection, and award all general and equitable relief to which it is justly entitled in the premises.

May 7, 2025

Respectfully submitted,

DAVID W. ASBACH
Acting United States Trustee Region 5

By: */s/ Christy R. Bergeron*
CHRISTY R. BERGERON, Trial Attorney
La. Bar # 22944
600 S. Maestri Place, Suite 840-T
New Orleans, LA 70130
Telephone: (504) 589-2591
Christy.Bergeron@usdoj.gov